**ON PETITION FOR REHEARING**

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 00-6015**

———————————

EDDIE JAMES HARVEY,

Petitioner - Appellant,

versus

STATE OF SOUTH CAROLINA; CHARLES MOLONY CONDON,

Respondents - Appellees.

———————————

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Cameron McGowan Currie, District Judge.  (CA-99-910-3-22BC)

———————————

Submitted:  July 25, 2000            Decided:  August 22, 2000

———————————

Before MOTZ and KING, Circuit Judges, and BUTZNER, Senior Circuit Judge.

———————————

Dismissed by unpublished per curiam opinion.

———————————

Eddie James Harvey, Appellant Pro Se.  Derrick K. McFarland, OFFICE OF THE ATTORNEY GENERAL OF SOUTH CAROLINA, Columbia, South Carolina, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Eddie James Harvey seeks to appeal the district court's order denying relief on his petition filed under 28 U.S.C.A. § 2254 (West 1994 & Supp. 2000). We originally dismissed the appeal as untimely. After consideration of Harvey's petition for rehearing we vacated the March 3, 2000, order dismissing the appeal. Although we now find the appeal to be timely, we find it to be without merit. We have reviewed the record and the district court's opinion accepting the recommendation of the magistrate judge and find no reversible error. Accordingly, we deny a certificate of appealability and dismiss the appeal on the reasoning of the district court. See Harvey v. South Carolina, No. CA-99-910-3-22BC (D.S.C. Nov. 12, 1999).[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*] Although the district court's judgment and order are marked as "filed" on November 10, 1999, the district court's record shows that the judgment and order were entered on the docket sheet on November 12, 1999. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the judgment or order was entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).

2